IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOHN DOE** | ) | |
| c/o Kevin E. Byrnes | ) | |
| Grad, Logan & Klewans, P.C. | ) | |
| 3141 Fairview Park Drive, Suite 350 | ) | |
| Falls Church, Virginia 22042 | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| **ERIC H. HOLDER, JR**. | ) | |
| United States Attorney General | ) | |
| United States Department of Justice | ) | |
| 950 Pennsylvania Ave., NW | ) | |
| Washington, DC 20530-0001 | ) | |
| *Defendant.* | ) | |

## MOTION TO PROCEED UNDER PSEUDONYM AS "JOHN DOE"

Plaintiff "John Doe," by counsel, respectfully moves this Court for an Order permitting

Plaintiff to proceed as "John Doe" in this litigation, and for related confidentiality protections.

As grounds therefore, Plaintiff refers the Court to the accompanying Memorandum, and

proposed orders.


Dated: June 17, 2013                             Respectfully Submitted,

                                                 Kevin E. Byrnes (DC Bar No. 480195
                                                 Grad, Logan & Klewans, P.C.
                                                 3141 Fairview Park Drive, Suite 350
                                                 Falls Church, Virginia 22042
                                                 Phone:  703/535-5393
                                                 Fax:  703/836-6289
                                                 kbyrnes@glklawyers.com
                                                 *Attorney for Plaintiff John Doe*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOHN DOE** | ) | |
| c/o Kevin E. Byrnes | ) | |
| Grad, Logan & Klewans, P.C. | ) | |
| 3141 Fairview Park Drive, Suite 350 | ) | |
| Falls Church, Virginia 22042 | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ERIC H. HOLDER, JR. | ) | |
| United States Attorney General | ) | |
| United States Department of Justice | ) | |
| 950 Pennsylvania Ave., NW | ) | |
| Washington, DC 20530-0001 | ) | |
| *Defendant.* | ) | |

**MEMORANDUM IN SUPPORT OF
<u>PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AS "JOHN DOE"</u>**

Plaintiff "John Doe" respectfully moves this Court for an Order permitting Plaintiff to proceed under pseudonym and for related confidentiality protections.  Plaintiff suffers from bipolar mood disorder and brings this action against Defendant, his employer, for unlawful employment discrimination based on his status as an individual with a disability.  In light of the sensitive nature of Plaintiff's diagnosis, and the nature of the federal employment that could be harmed by disclosure of his condition, it is critical that Plaintiff be allowed to proceed under pseudonym with related confidentiality protections.

The facts, as stated below and in the Complaint, reveal that the underlying information in this action will, if released under Mr. Doe's real name, cause him great distress and harm, if not serve as a basis for ruining his career.  To challenge the FFDE, its contents, findings and the circumstances surrounding it publically, would force Mr. Doe to disclose nationwide intimate,

personal details of her personal, family, medical and psychological history and would impair him in his workplace and in the assignments he has.

To date, the Agency has not revoked Mr. Doe's clearance or limited his professional duties; largely, no doubt because he was found to have no mental impairment during, what Mr. Doe contends, was an improper inquiry.

To disclose Mr. Doe's name would cause him great personal harm as well as expose his family members to disclosures of information regarding their history and relationship to Mr. Doe.

Further, Mr. Doe's disclosures might impair his Agency's own efforts.  While Mr. Doe is duly outraged by his Agency's actions as they relate to this matter, he remains an effective, well trained Counterterrorism Agent.  Disclosing his name would harm him and perhaps his mission to the detriment of all.

## I.    BACKGROUND

Plaintiff is a Special Agent of the Federal Bureau of Investigation ("FBI"), an entity within the United States Department of Justice (the "Agency").  The Agency entrusts Plaintiff with complicated, confidential national security information and a top secret security clearance. He works in the Counterterrorism Division of the FBI and thus is entrusted with highly classified information.

Special Agent John Doe was involved in a January 2009 workplace incident where the Agency alleged he acted inappropriately by placing money on the shirt of a female employee in what Mr. Doe perceived to be a southern African-American tradition of "pinning."  Pinning apparently involves placing small amounts of money on the articles of clothing of the birthday

celebrant, and a search of the internet reveals that the ceremony is not one simply concocted by Mr. Doe.

Apparently, the Agency unilaterally determined that Mr. Doe's actions of January, 2009 amounted to exhibition or manifestation of some sort of mentally disabling condition. Based solely on the workplace incident, the Bureau directed Mr. Doe to obtain mental health treatment. The Bureau further directed Mr. Doe to do so at his own expense and demanded, under penalty of job loss, that Mr. Doe execute a waiver so that managers in the Bureau could review all discussions and treatment provided to Mr. Doe, as well as to speak to his treating physician directly.

Mr. Doe's "treatment" lasted six months.  His treating physician determined that Mr. Doe's conduct was not an illustration of any mental condition or impairment.

On April 23, 2010, Mr. Doe's counsel protested the medical examination of Mr. Doe and the forced disclosure of medical information in a letter to Doctor Judith Stone, the Mental Health Assessment Specialist for the Bureau.  Further, neither Dr. Stone, nor the Bureau, has responded to this protest.

A.    The Agency Examination is a Violation of EEO Law

The EEOC has issued specific guidance concerning the propriety of disability and medically-related examinations.  EEOC No. 915.002, "Enforcement Guidance:  Disability Related Inquiries and Medical Examinations of Employees Under the Americans With Disabilities Act (ADA)."  As the EEOC notes, Title I of the ADA limits the ability of employees to order, conduct or monitor post-employment medical inquiries.  Specifically, the ADA

prohibits inquiries into whether an employee has a disability, unless such an inquiry is job-related and consistent with business necessity. 42 U.S.C. § 12112(d)(4)(A).[1] To be "job-related and consistent with business necessity," the employer must show, based on objective medical evidence, that the employee's conduct may impair his ability to perform the essential function of his job, or such conduct poses a direct threat to the safety of the employee or others. See 42 U.S.C. § 12112(d)(3); 29 C.F.R. 1630.14(b); 29 C.F.R. § 1630.2(r).

The Agency has not alleged in any disciplinary action or correspondence that Special Agent Doe is a direct threat to himself or others. Further, the Agency has not asserted that his medical examination is related to his performance of any essential function of his position. Indeed, the Agency has provided no justification at all for the examination and cannot raise a contention that it is related to any essential function of Agent Doe's position, since at no did it remove or limit Mr. Doe from performing his duties as a Special Agent.

The Agency simply directed Mr. Doe to undergo a mandatory psychiatric/psychological investigation that swept into every area of Mr. Doe's family history, privacy, sexual relations and medical background. There is no precedent for so serious and invasive an examination as was conducted here, and the American's with Disabilities Act ("ADA")[2] was specifically designed to preclude an employer from conducting just such an inquiry.

Second, the ADA specifically prohibits an employer from directing an employee to a specific health care professional, unless the employer is seeking to determine whether an

---

[1] The standards of the ADA are incorporated into the Rehabilitation Act.
[2] The Rehabilitation Act and the ADA are co-existive, thus we refer to the ADA where the Rehabilitation Act is actually appropriate for shorthand.

employee needs to be reasonably accommodated, and the employee has not, himself, provided sufficient medical records after being requested to do so.  Neither reasonable accommodation, nor employee refusal, are at play here.

Both the ADA and federal regulations also prohibit an employer from directing an examination of an employee at employee expense.  See 5 C.F.R. § 339.101 et seq, and there is simply no precedent for demanding an employee, under threat of job loss, to sign a medical waiver to release information from a treating health care professional to an employer.[3]

B.      Each Examination Was a Separate Violation

Clearly, a prolonged series of examinations conducted at Agency direction that involve psychiatric and psychological assessment of Mr. Doe triggered several aspects of the ADA and the Rehabilitation Act of 1973.  Each individual examination is a discrete act of a violation of the Rehabilitation Act, and each involves a second violation of that Act when medical information from the treatment is released and disseminated to the Bureau.  Further, the fact that costs were imposed on Mr. Doe for the examination also violates both the Act and 5 C.F.R. § 339.101 et seq.

C.      The Examination Was An Act of Retaliation and Reprisal

The Bureau's conducting of such examinations after Mr. Doe responded to a disciplinary action, where he alleged sex and race discrimination as a basis for that action, amount separately to acts of retaliation and reprisal.  It is clear that the forced inquiry followed Mr. Doe raising a defense to the proposed action and, thus, a temporal nexus exists between his raising an EEO

_____

[3] Whether such conduct violates federal law, or Mr. Doe's right to privacy, is beyond the scope of an EEO complaint.

claim and the medical inquiry.  In addition, the examination which continued after Mr. Doe objected to its conduct is an act of retaliation, reprisal and hostile work environment under the Rehabilitation Act, since continuing the inquiry after Mr. Doe objected was done to deter him from pursuing his EEO claims.

The ordering of a mandatory psychiatric examination during the appeal of a disciplinary action raises disturbing questions.  To the extent the Agency secured information from the examination as to Mr. Doe's motives and conduct, it did so in an end around run to his being represented at the time and it invaded doctor-patient privilege under duress.  In fact, Mr. Doe was concerned that the Bureau used the fitness for duty examination as a ruse to glean information from Mr. Doe it could use in defending itself on charges of discrimination in the adverse action process.  The Agency has never attempted to justify its fitness for duty examination for any particular purpose.  It has not alleged the examinations necessary to address any job duty or job function, nor has it explained what prompted it to commence an examination in the first place.  The Agency physician overseeing the examination has ignored a request to explain its purpose.  Instead, we are simply left to speculate on why the Agency commenced and conducted this examination.

## II.     Plaintiff Is Justified Proceeding Anonymously

This Court should grant Plaintiff's motion to proceed under pseudonym and for related protective order to ensure the confidentiality of his identity.  Maintaining confidentiality with respect to Plaintiff's condition will protect Plaintiff's privacy and save his from further discrimination, without disadvantaging the Defendant in any way.

The Federal Rules of Civil Procedure and the Local Rules require that a complaint state the names of the parties, and their addresses.  Fed. R. Civ. P. 10(a); LCvR 5.1(e)(1).  However, it

is within the Court's discretion to waive those requirements if the facts of a particular case warrant anonymity. *Doe v. Von Eschenbach*, No. 06-2131 (RMC), 2007 U.S. Dist. Lexis 46310 (D.D.C. June 27, 2007) (citation omitted).

The District of Columbia Circuit has permitted anonymity when, for example, a plaintiff's sensitive and personal physical and/or mental health information at issue. *See, e.g.*, *Doe v. U.S. Dep't of Justice*, No. 09-411(ESH), 2008 U.S. Dist. Lexis 93000 (D.D.C. Oct. 6, 2009) (permitting an Assistant U.S. attorney with diagnosed anxiety disorder to proceed under pseudonym in suit alleging violations of the Privacy Act and Rehabilitation Act wherein his medical and personnel records were at issue); *Doe v. Rice*, No. 08-1678 (PLF), Dkt. Entries 1-6 (D.D.C. October 1, 2008) (granting motion to proceed under pseudonym and entering protective order for plaintiff with HIV in action for disability discrimination under ADA and Rehabilitation Act); *Doe v. Provident Life & Acc. Ins. Co.*, No. 07-0633 (HHK), Dkt. Entries 1-2 (D.D.C. April 4, 2007) (granting motion to file under pseudonym to plaintiff seeking health care disability benefits from defendant insurance company where plaintiff's anxiety, depression, and PTSD were at issue).

This approach is consistent with many similar decisions in other jurisdictions. *See, e.g.*, *Doe v. Bd. of Ed. of Fallsburgh*, No. 02-9245, 2003 U.S. App. Lexis 9384 (2d Cir. May 15, 2003) (permitting plaintiff with bipolar disorder to proceed under pseudonym in action alleging disability discrimination under ADA and Rehabilitation Act); *Doe v. Rowe*, 156 F. Supp.2d 35 (D. Maine 2001) (permitting plaintiffs with bipolar disorder and other mental impairments to proceed under pseudonym in suit challenging state statute that prohibited individuals under guardianship from voting); *PAS v. Travelers' Ins. Co.*, 7 F.3d 349 (3d Cir. 1993) (permitting

plaintiff with bipolar disorder to proceed under pseudonym in suit to recover insurance benefits for mental health treatment).

"Where there are legitimate interests in competition with the right of access to civil cases, courts balance those interests." *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 98 (D.D.C. 2008) (citing a Ninth Circuit opinion itself relying on *Press-Enterprise co. v. Superior Court*, 478 U.S. 1, 9 (1986)); *Von Eschenbach*, No. 06-2131 (RMC), 2007 U.S. Dist. Lexis 46310, at *2 (citation omitted).  In balancing the competing interests involved, factors to consider include:

> (i)  whether the proffered justification is merely to avoid annoyance or criticism that may attend any litigation *or* is to preserve privacy in a matter of sensitivity and highly personal nature;
>
> (ii) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or others;
>
> (iii) whether the action is against a governmental or private party; and
>
> (iv)  the age of the requesting party;
>
> (v) the risk of unfairness to the opposing party from allowing an action to proceed against it anonymously.

*Waterfront Employers*, 587 F. Supp.2d at 99 (citation omitted); *see also United States v. Microsoft*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (per curium) (citing with approval Fourth Circuit authority, *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), that summarized the five factors).

In this case, these factors weigh in favor of allowing Plaintiff to proceed under a pseudonym in this litigation.  *First*, being perceived as having a mental disorder, is a sensitive matter of such highly personal nature that a Plaintiff should be allowed to litigate under pseudonym to protect his privacy.  This is especially true where, as here, the Plaintiff asserts discrimination based not on an actual disability but on the perception of his disability.

Moreover, plaintiff's status as an individual with perceived disability is not the only fact at risk of disclosure; plaintiff's medical history, including the nature and extent of his personal and family history and other intimate details of his treatment including frequency and nature of visits and medications will also be disclosed in this litigation and, without proceeding under pseudonym, would otherwise become public knowledge.

*Second*, with respect to risk of physical or mental harm, plaintiff faces stigma, harassment, and further discrimination if this Court requires Plaintiff to disclose the intimate details of his diagnosis, medical history, current condition, and treatment regime.  Here, the stigma associated with a perceived disability, and continued misperceptions about his conduct through a mandated medical exam, are the very cause of the discrimination that Plaintiff challenges in this litigation.  *See Waterfront Employers*, 587 F. Supp.2d at 99-110 ("Pseudonymous litigation has been permitted… where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.") (citation omitted).  Plaintiff asserts, moreover, that his employer has already discriminated against his because of the examination and he has reasonable concern that he will face similar discrimination by that same employer and future employers in job prospects and employment opportunities if he must publicly disclose his status.  Moreover, widespread knowledge of his status throughout the FBI and Justice Department could expose his to harassment and other discrimination.

*Third*, courts are more likely to permit a plaintiff to proceed under pseudonym when the plaintiff challenges a government entity than if an individual has been accused of public wrongdoing.  *See Von Eschenbach*, No. 06-2131 (RMC), 2007 U.S. Dist. Lexis 46310, at *2; *accord Waterfront Employees*, 587 F. Supp.2d at 99, n.9.  This is undoubtedly because the public has a limited interest in the identity of a plaintiff challenging a discriminatory policy, but a

heightened interest in an individual trying to shield himself from the fallout of his own conduct. In this case, Plaintiff proceeds against a government entity.

*Finally*, there is no risk of unfairness to the opposing party here.  Granting Plaintiff's motion will not disadvantage the Defendant in any way.  For example, if Plaintiff is permitted to proceed under pseudonym he will nevertheless reveal his identity and other personal identifiers to Defendant under an appropriate protective order.  Defendant, therefore, would have access to all relevant information in litigating its position, just as if the case were litigated openly.  The only limitation on Defendant would be its ability to disclose Plaintiff's personal identifiers to its employees, related individuals, and to the public, at will and/or en masse.  Defendant is not prejudiced by that restriction in any way.  Moreover, this approach would ensure that the public still has access to the issues in litigation without further endangering Plaintiff's privacy or subjecting his to the possibility of additional discrimination.

Proceeding under pseudonym would require that the Court waive the general requirements that the title of the Complaint "include the names of all parties," and its Local Rule that the "first filing by or on behalf of a party shall have in the caption the name and full residence address of the party."  *See* Fed. R. Civ. P. 10(a); LCvRs 5.1(e)(1) and 11.1.  Plaintiff would file as "John Doe" and henceforth known as "John Doe" in all filings, hearings, and related activities in this case.  Other personal identifiers, including but not limited to his job title, pay grade, and deployment specifics may also be redacted in a public filing.  In addition, Plaintiff's address would be deemed that of his counsel.

Plaintiff also respectfully requests that the Court enter the proposed protective order, attached hereto, to ensure that Plaintiff's identity as an individual who had a medical examination is not disclosed, and that the information that would otherwise make his identifiable

will likewise be kept confidential.  Pursuant to Fed. R. Civ. P. 26(c), this Court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden."  As the D.C. Circuit has reasoned, "the 'court, in its discretion, is authorized by [Rule 26(c)] to fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into legitimate interests – including privacy and other confidentiality interests – that might be harmed by the release of the material sought." *In re Sealed Case (Medical Records),* 381 F.3d 1205, 1216 (D.C. Cir. 2004) (citation omitted).[4]

### III.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant his motion to proceed under pseudonym and for entry of related protective order.  Proposed orders to that effect are enclosed for the Court's review.

Dated: June 17, 2013

Respectfully Submitted,

Kevin E. Byrnes (DC Bar No. 480195)
Grad, Logan & Klewans, P.C.
3141 Fairview Park Drive, Suite 350
Falls Church, Virginia 22042
Phone:  703/535-5393
Fax:  703/836-6289
kbyrnes@glklawyers.com
*Attorney for Plaintiff John Doe*

---

[4] Plaintiff is willing to submit to the Court any documents or declarations it may require regarding Plaintiff's true identity, address, job title, etc., for the Court's own review.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOHN DOE** | ) | |
| c/o Kevin E. Byrnes | ) | |
| Grad, Logan & Klewans, P.C. | ) | |
| 3141 Fairview Park Drive, Suite 350 | ) | |
| Falls Church, Virginia 22042 | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ERIC H. HOLDER, JR. | ) | |
| United States Attorney General | ) | |
| United States Department of Justice | ) | |
| 950 Pennsylvania Ave., NW | ) | |
| Washington, DC 20530-0001 | ) | |
| *Defendant.* | ) | |

## ORDER TO PROCEED UNDER PSEUDONYM

Upon consideration of Plaintiff's motion for an order permitting Plaintiff to proceed under pseudonym, and for entry of a protective order to ensure the confidentiality of Plaintiff's identity, good cause having been shown, it is hereby

**ORDERED** that Plaintiff is allowed to proceed in pseudonym "John Doe" and to rely on his counsel's address as his address for purposes of this litigation; (ii) Plaintiff's complaint under pseudonym "John Doe" is accepted and has been lodged with the Clerk; and (iii) the docket shall continue to reflect that Plaintiff's name is John Doe; and it is further

**ORDERED** that Plaintiff shall be allowed to endorse documents related to this litigation using the pseudonym John Doe; and it is further

**ORDERED** that Plaintiff will be referred to as John Doe in all depositions, pleadings, and other documents related to this litigation, as well as in all proceedings held before this Court, including trial; and it is further

**ORDERED** that, despite the broad scope of this Order, should the parties desire to file a document with the Court under seal, then an appropriate motion must be made in advance of the filing; and it is further

**ORDERED** that any disclosure of Plaintiff's identity, or other information sufficient to effectively identify Plaintiff, shall be governed by a Protective Order to be entered by this Court forthwith; and it is further

**ORDERED** that the terms of this Order shall remain in effect until further Order of this Court.


Date: _____                    _____
                                                United States District Judge

## CERTIFICATE OF SERVICE

I certify on this 17th day of June, 2013, that a copy of this *Motion to Proceed Under Pseudonym as "John Doe,"* with its supporting *Memorandum* and proposed orders, will be served contemporaneously with the service of the Complaint and Summons in this action, on the following:

Ronald C. Machen, Jr.,
United States Attorney for
the District of Columbia
555 4th Street, NW
Washington, D.C. 20530

Kevin E. Byrnes